COMMONWEALTH *vs.* SAMMIE NELSON. May 30, 1974. The defendant, an inmate of the Massachusetts Correctional Institution at Walpole, was convicted of assaulting a fellow prisoner with the intent to murder him. The sole exception argued by the defendant concerns the denial of his motion that prospective jurors be asked whether they had any relatives employed by a correctional institution, whether they had previously served as jurors, and whether the defendant's status as a prisoner or their personal opinions regarding "recent events and policies within the Massachusetts [c]orrectional system" would influence their judgment in the case. (In the course of the voir dire the judge did ask the jurors whether they would be able to accord the defendant, who is black, the same benefit of the doubt as they would give to a white man charged with the same crime.) The nature and extent of the inquiry made on voir dire lies within the discretion of the judge (see *Commonwealth* v. *Nassar,* 354 Mass. 249, 253 [1968]; *Commonwealth* v. *Ricard,* 355 Mass. 509, 510-511 [1969]), subject to certain statutory provisions (see, in this regard, G. L. c. 234, § 28) and the constitutional requirements enunciated in *Ham* v. *South Carolina,* 409 U. S. 524, 525-526 (1973), and interpreted and applied in several Massachusetts decisions. See, e.g., *Commonwealth* v. *Ross,* 363 Mass. 665 (1973), cert. den. 414 U. S. 1080 (1973), *Commonwealth* v. *Bumpus,* 365 Mass. 66 (1974), and *Commonwealth* v. *Cofield,* 1 Mass. App. Ct. 660, 663-665 (1974). It is the defendant's contention that his status as a "prisoner" brought him within the terms of the *Ham* case. Assuming this to be true, crucial to the application of the *Ham* rule would be a showing of "special circumstances." See *Commonwealth* v. *Ross, supra,* at 671-672. No indication of such circumstances appears in the bill of exceptions. The judge was therefore not required to grant the defendant's motion.

*Exceptions overruled.*

*Norman S. Zalkind* for the defendant.

*John P. Connor, Jr.,* Assistant District Attorney, for the Commonwealth.