COMMONWEALTH *vs.* MICHAEL P. DiROMA. July 12, 1977. 1. The defendant has not argued (see Rule 1:13 of the Appeals Court, as amended, 3 Mass. App. Ct. 801 [1975]; *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 [1958]) his assignment of error directed to the judge's refusal to dismiss the indictments. 2. The judge received negative responses from the jury panel to the four questions prescribed by the first paragraph of G. L. c. 234, § 28, and it does not appear that any of the three additional questions requested by the defendant fell within the ambit of the second paragraph of that section, as appearing in St. 1975, c. 335. See *Commonwealth* v. *Walker,* 370 Mass. 548, 573, n.17 (1976). The additional first question was, "Have you served on a jury or a grand jury before this?", as to which see *Commonwealth* v. *Nelson,* 2 Mass. App. Ct. 843 (1974); the essence of the second such question was put when the judge asked if anyone on the panel was acquainted with the prosecutor, who was standing and who had already been specifically identified by name; the third question was also asked in substance, and its purpose was served when the judge specifically instructed the jury, at the very end of his charge, that an arrest or an indictment is not evidence to be considered in determining whether a person is guilty or not guilty. The judge did not abuse his discretion (*Commonwealth* v. *Walker,* 370 Mass. at 573, and cases cited) in refusing to put any of the additional questions. 3. The defendant was permitted to introduce the records concerning six adult convictions of the Commonwealth's witness Poe of the offences of receiving stolen property (an automobile), wilfully and maliciously setting fire to and burning a motor vehicle, assault and battery by means of a dangerous weapon (an automobile), and unlawful possession of marihuana (three convictions). All convictions had occurred within five years prior to the present trial, and the witness was then (1976) still on probation for one of the marihuana offences. The judge allowed the defendant considerable latitude in cross examining the witness concerning his possible bias or prejudice in favor of the prosecution; it was open to the jury to find that the witness's testimony was motivated largely by a fear that he himself might go to jail, either for violation of the terms of his probation or because the police had suggested that he might be prosecuted for his part in the offences charged to the defendant. The defendant excepted to the judge's exclusion of a 1969 adjudication of the witness as a delinquent by reason of assault with intent to rob. That record, which was marked for identification and is before us, discloses that the witness had been discharged from his probation on that offence in 1970, which was more than five years prior to the time when he was first questioned by the police concerning the offences charged to the defendant and more than six years prior to the time of trial. Accordingly, the juvenile adjudication would have had no rational tendency to show that the witness was biased or prejudiced in favor of the prosecution. Contrast *Davis* v. *Alaska,* 415 U. S. 308, 309, 310-311, 316-320 (1974); *Commonwealth* v. *Ferrara,* 368 Mass. 182, 185, 186-187, 188, 189 (1975). Nor was Poe the only witness who claimed to have seen the shooting or the defendant's possession of the pistol. Four other witnesses called by the prosecution had previously testified that they had been present in the park at the time of the shooting and that it was the defendant who had fired all the shots. If in all the circumstances, there was any constitutional error in excluding the record in question, we are convinced that it was

harmless beyond a reasonable doubt. See the cases cited in *Commonwealth* v. *Baker,* 368 Mass. 58, 77 (1975). Contrast *Davis* v. *Alaska,* 415 U. S. at 318. The exclusion did not injuriously affect the substantial rights of the defendant within the meaning of G. L. c. 231, § 119, as appearing in St. 1973, c. 1114, § 202. 4. The judge did not err in denying the defendant's motion for a mistrial, which was presented at the close of the Commonwealth's case and was grounded on the fact that there had been no testimony from a supposedly important witness (Donna Riley) whose anticipated testimony had been outlined by the prosecutor in some detail during the course of his opening statement. The last thing the judge told the jury before the prosecutor commenced his opening was that "openings made by attorneys are not evidence, which means that you could not make a finding of fact based upon a statement by an attorney simply because he made it." Compare *Commonwealth* v. *Howard,* 205 Mass. 128, 146 (1910). By the time the motion was presented and ruled on, it was open to the judge to find on the record (as we think he did) that Riley had been properly subpoenaed to appear on the opening day of the trial, that on the day before trial the prosecutor had been advised by Riley's counsel that she did not wish to testify but that she would appear at the appointed time, that the prosecutor believed in good faith that Riley had no ground for invoking the privilege against self-incrimination (compare *Commonwealth* v. *Martin,* 372 Mass. 412, 417-418, 419-420 [1977]), that the prosecutor had known that Riley was not present when he commenced his opening, and that during the five ensuing days and until the Commonwealth rested its case the police had made diligent efforts to find Riley to serve her with the capias which the judge had issued at the prosecutor's request at the close of the first day of the trial. There is nothing in the record to suggest bad faith on the part of the prosecutor as matter of fact (compare *Commonwealth* v. *Hartford,* 346 Mass. 482, 485-486 [1963]; contrast *Commonwealth* v. *Bearse,* 358 Mass. 481, 487 [1970]), and there is nothing which requires a ruling of bad faith as matter of law. We note, finally, that in his charge the judge instructed the jury to put the prosecutor's opening "out of your minds completely" and to decide the case strictly on the evidence. Compare *Commonwealth* v. *Hartford,* 346 Mass. at 486; *Commonwealth* v. *Martin,* 372 Mass. at 421-422; *Commonwealth* v. *Salemme,* 3 Mass. App. Ct. 102, 105-106 (1975), *S.C.* 370 Mass. 421 (1976). 5. The argument addressed to the charge lifts the phrase "gut reaction" out of context. Taken as a whole, the charge fairly and adequately apprised the jury of all the various factors they could properly take into consideration in determining the credibility of the Commonwealth's witnesses; no witnesses were called by the defendant or any of his codefendants.

*Judgments affirmed.*

*Stephen Hrones* for the defendant.

*Robert J. McKenna, Jr.,* Assistant District Attorney (*James M. Lynch,* Special Assistant District Attorney, with him) for the Commonwealth.   �functional