COMMONWEALTH *vs.* WILLIAM CORGAIN. December 9, 1977. 1. The evidence (including the photographs) introduced at the pretrial hearing of the defendant's motion to suppress was sufficient to warrant the judge's implied finding and express ruling that "[t]here were no impermissibly suggestive procedures by the police in either showing the photos to ... Jones or in any other way." See and compare *Commonwealth* v. *Gilday,* 367 Mass. 474, 495-496 (1975); *Commonwealth* v. *Mobley,* 369 Mass. 892, 896-897 (1976); *Commonwealth* v. *Kostka,* 370 Mass. 516, 523-524 (1976); *Commonwealth* v. *Silva,* 371 Mass. 819, 823 (1977); *Commonwealth* v. *Chase,* 372 Mass. 736, 740 (1977); *Commonwealth* v. *Hogg,* 4 Mass. App. Ct. 225, 227-228 (1976); *Commonwealth* v. *Coburn, ante,* 781, 782 (1977), and cases cited. Accordingly, "there was no occasion for the judge to consider ... whether [Jones's] proposed in-court identification of the defendant would be based on his original observations of the defendant during the course of the robbery." *Commonwealth* v. *Farmer ante,* 871, 872 (1977). 2. The defendant and his two codefendants (one of whom was acquitted) are black; two of the four victims named in the robbery indictment (one of them the aforementioned Jones) are black; the venire included blacks (four of whom were ultimately seated as jurors) (see *Commonwealth* v. *Lumlev,* 367 Mass. 213, 217 n.4 [1975]); and there was nothing to suggest a racial motive for the prosecution or for the commission of any of the offences with which the defendant was charged. The judge, acting at the request of the defendant and his counsel, and after advising the defendant personally of the possible ramifications (see *Lumley, supra* at 216-217), formulated and put to the venire (without response) two questions (in form satisfactory to counsel) which were designed to expose the possibility of racial bias on the part of any of the prospective jurors. The sole exception was to the judge's refusal

to put those questions privately to each prospective juror. There was no error. If we resolve all the ambiguities of an obscure colloquy (in which there was no reference to any constitutional problem) in the defendant's favor by assuming that his counsel was attempting to invoke the provisions of the second paragraph of G. L. c. 234, § 28 (as appearing in St. 1975, c. 335) (contrast *Commonwealth* v. *Lozano, ante,* 872, 873 [1977]), and was not just appealing to the judge's general discretion in the premises (see *Commonwealth* v. *Montecalvo,* 367 Mass. 46, 50 [1975]; *Commonwealth* v. *Hall,* 369 Mass. 715, 728-729 [1976]), still there was no showing of any "reason to suspect that a juror or jurors ... [might] not be indifferent" (*Commonwealth* v. *Dickerson,* 372 Mass. 783, 793 [1977]) on the question of racial bias. 3. The judge did not err in refusing to direct a verdict for the defendant on indictment No. 99673 or in his instruction to the jury that the burden was on the defendant to produce a license to carry a firearm. *Commonwealth* v. *Jones,* 372 Mass. 403, 406-410 (1977).

*Judgments affirmed.*

*Judith L. Lindahl* for the defendant.
*Charles A. Murray, III,* Assistant District Attorney, for the Commonwealth.


