COMMONWEALTH *vs.* RICHARD F. FLEURANT. February 16, 1978. 1. The question of consent is the only issue in this appeal which warrants more than summary treatment. See and compare *Commonwealth* v. *Reilly*, 5 Mass. App. Ct. 435, 437 (1977). As all the victims of the various offenses for which the defendant was indicted and convicted were under the age of eighteen (see G. L. c. 4, § 7, Forty-eighth through Fifty-first, as appearing in St. 1973, c. 925, § 1), it is not necessary for us to reach the question whether the acts were committed in private. Accordingly, the language in *Commonwealth* v. *Balthazar*, 366 Mass. 298, 302 (1974), relied on by the defendant, is inapposite. Cf. *Commonwealth* v. *Gallant*, 373 Mass. 577, 585-586 & n.9 (1977). We agree with the trial judge that "[m]inors are presumed to be incapable of giving consent to unnatural and lascivious acts, in much the same manner that [certain] minors are unable to consent to intercourse." See *Commonwealth* v. *Ellis*, 321 Mass. 669 (1947). Cf. *Commonwealth* v. *Gallant, supra* at 582-583, and cases cited. 2. The defendant's assignment of error contesting the constitutionality of G. L. c. 272, § 35A, has been decided adversely to him in *Commonwealth* v. *Duarte*, 2 Mass. App. Ct. 909 (1974). See also *Commonwealth* v. *Gallant, supra* at 585-587, and cases cited. 3. The defendant's exception to the denial of his motion to suppress is utterly devoid of merit. The judge specifically found that the "cursory search of the defendant's apartment revealed no evidence concerning the commission of any crime." We believe that finding is amply justified by the facts shown on this record. See *Com-*

*monwealth* v. *Murphy*, 362 Mass. 542, 547 (1972). See also *Commonwealth* v. *Mahnke*, 368 Mass. 662, 666-667 (1975), cert. denied, 425 U.S. 959 (1976). Thus, in this circumstance, it is clear that there was no fruit of a poisonous tree. See *Wong Sun* v. *United States*, 371 U.S. 471, 484-488 (1963). 4. The defendant attempts to argue that he "did not stipulate that probable cause existed to warrant the issuance of [the] complaints against" him. In addition to not being based on an exception (see *Commonwealth* v. *Underwood*, 358 Mass. 506, 509 n.2 [1970]), that argument misses the point, as it is abundantly clear that a finding of probable cause, or a lack thereof, was not material to any questions presented by this appeal. 5. As for the defendant's contention that it was error for the judge not to put certain questions to the prospective jurors (see *Commonwealth* v. *Haglund*, 4 Mass. App. Ct. 858, 859 [1976], and cases cited; see also *Commonwealth* v. *Harrison*, 368 Mass. 366, 368-374 [1975]), there was no abuse of discretion because it was not made to appear that any of the questions requested by the defendant which are still argued fell within either paragraph of G. L. c. 234, § 28, as amended through St. 1975, c. 335. See *Commonwealth* v. *Lozano*, 5 Mass. App. Ct. 872, 873 (1977). Moreover, not only was there no showing of prejudice to the defendant, but also the record reflects that the judge, who was meticulous in his efforts to assure a fair and impartial jury, excused all four jurors who, after hearing the judge explain the nature of the offenses, expressed reasons and attitudes which would have made further service inappropriate in these circumstances. 6. We do not consider the defendant's assertion that the witnesses' statements were "the result of undue influence and coercion," as it has not been argued on appeal. See Rule 1 : 13 of the Appeals Court, as amended effective February 27, 1975, 3 Mass. App. Ct. 801 (1975). 7. For the same reason we do not consider the question whether acts which do not involve the genitals fall within the proscriptions of G. L. c. 272, § 35. But see *Commonwealth* v. *Balthazar*, *supra* at 303; *Commonwealth* v. *Gallant*, *supra* at 584.

*Judgments affirmed.*

*Steven J. Marullo* for the defendant.
*John E. DeVito*, Assistant District Attorney (*Charles J. Hely*, Assistant District Attorney, with him) for the Commonwealth.