COMMONWEALTH *vs.* NATHAN LEE WILLIAMS. September 21, 1978. 1. The defendant was not entitled as of right to have the prospective jurors interrogated individually in accordance with the provisions of G. L. c. 234, § 28, second par., as amended by St. 1975, c. 335. From the bare assertion in the affidavit filed by counsel for the defendant that racial prejudice is widespread in Hampden County the judge was not required to conclude that the statutory preconditions to the right of individual voir dire had been made to appear. Compare *Common-*

*wealth* v. *Corgain*, 5 Mass. App. Ct. 899 (1977); *Commonwealth* v. *Hogue, ante* 901 (1978). 2. The bill of exceptions does not substantiate the defendant's further contention that the judge denied him an opportunity to introduce evidence as to the existence of those preconditions. 3. The judge was not required as matter of law to grant the defendant's motion for a mistrial based on the alleged misconduct of a police officer. Even if the record established, as it does not, that those allegations were factual, the misconduct obviously failed to accomplish its intended purpose to harm the defendant. In this posture the defendant's motion presented at best a matter lying within the judge's discretion, and in the absence of harm to the defendant the judge cannot be said to have abused his discretion in denying the motion.

*Judgment affirmed.*

BROWN, J. (concurring). I add a most reluctant concurrence. 1. I agree that on this record the defendant has not established a statutory violation. See *Commonwealth* v. *Hogue, supra* 901 (1978). Compare *Commonwealth* v. *Corgain*, 5 Mass. App. Ct. 899 (1977). It seems to me that racial prejudice in Springfield (or in this Commonwealth) could be judicially noticed; certainly there has at least been sufficient guidance from the Supreme Judicial Court, see e.g., *Commonwealth* v. *Lumley*, 367 Mass. 213, 216-217 & n.2 (1975), to conclude that a summary denial of a defendant's *request* for individual juror interrogation in circumstances where there is anything more than the negligible showing here would be an abuse of discretion. See *Commonwealth* v. *Bumpus*, 365 Mass. 66, 70 (1974). 2. I add that a police officer (by definition a member of the prosecutorial team), who apparently made intimidating out-of-court remarks to a defense witness, was engaging in improper conduct. That proposition is beyond debate. Accordingly, I urge adoption of a prophylactic rule in such circumstances, even, as here, "in the absence of [demonstrable] harm to the defendant." Cf. *Commonwealth* v. *Manning*, 373 Mass. 438, 442-445 (1977).

*Alan M. Katz* for the defendant.
*John C. Bryson, Jr.,* Assistant District Attorney, for the Commonwealth.