EDMUND F. BURKE & another *vs.* DAVIS T. GALLISON. May 14, 1979. The jury returned verdicts for the defendant on the only two remaining counts of a complaint which alleged medical malpractice in the diagnosis and treatment of the husband (count 1) and loss of consortium by the wife (count 2). 1. The stenographic transcript fails to support the plaintiffs' contention that the judge did not ask the prospective jurors the questions required by Mass.R.Civ.P. 47(a), 365 Mass. 812 (1974). 2. There was no error in the judge's refusal to put to the prospective jurors any of the five questions which were submitted by the plaintiffs at the voir dire and which are still relied on by them. a. As the transcript fails to disclose that the plaintiffs made (or even offered) any showing of a "great deal of publicity lately with regard to the costs of medical malpractice insurance," it has not been made to appear that question twenty fell within the ambit of the second paragraph of G. L. c. 234, § 28, as appearing in St. 1975, c. 335. See and compare *Commonwealth* v. *DiRoma,* 5 Mass. App. Ct. 853 (1977); *Commonwealth* v. *Lozano,* 5 Mass. App. Ct. 872, 873 (1977); *Commonwealth* v. *Corgain,* 5 Mass. App. Ct. 899, 900 (1977); *Commonwealth* v. *Fleu-*

*rant,* 6 Mass. App. Ct. 846, 847 (1978); *Commonwealth* v. *Williams,* 6 Mass. App. Ct. 923 (1978). Accordingly, whether that question should be put was discretionary with the judge (*Commonwealth* v. *Harrison,* 368 Mass. 366, 371, 373 [1975]; *Commonwealth* v. *Horton,* 376 Mass. 380, 393-394 [1978]); no abuse of discretion has been shown. b. Whether any of the other four questions should be put was equally discretionary. 3. The plaintiffs were not entitled to a specific instruction to the effect that the jury could award the husband compensation for any mental suffering which might have persisted after the date he learned he did not have cancer. See *Kaltsas* v. *Duralite Co.,* 4 Mass. App. Ct. 634, 638 (1976); *Eva-Lee, Inc.* v. *Thomson Gen. Corp.,* 5 Mass. App. Ct. 823, 823-824 (1977). In any event, the substance of the request was given in the form of a question which the judge put to the jury in the course of his further instructions. 4. None of the other points urged with respect to the charge has surmounted the obstacles to appellate review which have been interposed by the third sentence of Mass.R. Civ.P. 51(b), 365 Mass. 816 (1974). See *Narkin* v. *Springfield,* 5 Mass. App. Ct. 489, 491-493 (1977). a. The plaintiffs failed to object to any of the instructions given on the standard of care applicable to a physician holding himself out as a specialist (see *Brune* v. *Belinkoff,* 354 Mass. 102, 109 [1968]) or to the failure to give any of the specific requests for instructions submitted by the plaintiffs on the same subject. b. There was no objection to the analogy the judge drew to negligence in the operation of a motor vehicle, possibly because counsel for the plaintiff had employed the same analogy in his opening statement. c. No ground was stated in support of the objection to the instruction given as to the "preponderance of the evidence." d. It is clear from the transcript of the bench conference held at the close of the original charge that the judge intended to give the plaintiffs' fourth request in the course of his further instructions and that his failure to do so was the result of inadvertence; in the circumstances, it was counsel's duty to call the inadvertence to the attention of the judge when he inquired as to any additional objections at the conclusion of the further instructions. *New York Life Ins. Co.* v. *Schlatter,* 203 F.2d 184, 188 (5th Cir. 1953). 5. There was no abuse of discretion in the denial of the motion for a new trial. Although the judge may have been surprised by the verdicts, he could very well have concluded that they were to be explained by the jury's refusal to believe the testimony of the plaintiffs' experts to the effect that the defendant had been negligent in rendering a diagnosis of incurable cancer without the benefit of a biopsy. It cannot be said that "no conscientious judge, acting intelligently, could honestly" have denied the motion. *Davis* v. *Boston Elevated Ry.,* 235 Mass. 482, 502 (1920). The order denying the motion for a new trial and the judgment are affirmed.

*So ordered.*

*Jeffrey E. Rossman* for the plaintiffs.

*Wilson D. Rogers, Jr. (Charles J. Dunn, Jr.,* with him) for the defendant.