COMMONWEALTH *vs.* DONALD HAMILTON. September 11, 1979. 1. The judge's findings on the defendant's motion to suppress statements made by him to the police after his arrest lend no support to his contention that the police violated the condition on which he had agreed to answer questions (namely, that he be told the background of the case) or that "[t]he police deliberately gave certain information to the defendant in a piecemeal fashion in order to elicit inculpatory statements." Rather, the judge found that the police had fully apprised the defendant of his Miranda rights and that the defendant had then spontaneously interrupted the police officer's recitation of the background of the case with the various statements sought to be suppressed. There was no showing of improper action by the police. 2. The defendant failed to sustain his burden of proof that the photographic

array consisting of thirty-four photographs, from which his picture was selected, was unnecessarily suggestive. See *Commonwealth* v. *Venios,* 378 Mass. 24, 29 (1979); *Commonwealth* v. *Clark,* 378 Mass. 392, 397 n.8 (1979). The evidence makes it quite clear that the police were conscientious in using every reasonable effort to avoid suggestiveness in the array, more so, it seems to us, than in the *Clark* case ·or in such cases as *Commonwealth* v. *Geraway,* 355 Mass. 433, 438-440 (1969) and *Commonwealth* v. *Mobley,* 369 Mass. 892, 895-897 (1976). That some photographs among the thirty-four, not including that of the defendant, had appeared in prior arrays which had been viewed by the victim and his friend did not require the judge to make a finding of unnecessary suggestiveness. The Commonwealth had no obligation to preserve the earlier arrays. *Commonwealth* v. *Brown,* 376 Mass. 156, 161-164 (1978), and cases cited. The inclusion in the array of three pairs of duplicates (not of the defendant) was not improper. See *Commonwealth* v. *Kostka,* 370 Mass. 516, 524 (1976). 3. The judge was correct in ruling that Detective Hughes's transcribed statement of the description allegedly given him by the victim was inadmissible during the cross-examination of the victim. As it was being offered to prove the truth of the assertion contained therein that the victim had in fact given such a description, its admission would have violated the hearsay rule. The same statement was inadmissible during the cross-examination of Detective Hughes, no suggestion being made at the trial (or now) that the statement by Hughes was inconsistent with his .(Hughes's) testimony at trial. These rulings did not prevent the defendant from showing variations between the victim's testimony at the trial and statements he had made earlier to Detective Hughes. In any event the discrepancies between the two versions strike us as meager. Compare *Commonwealth* v. *Martin,* 362 Mass. 243, 245 (1972). 4. There was no error in the judge's ruling permitting the Commonwealth to inquire whether the defendant had reported the alleged assault to the police. The ruling followed the defendant's testimony that he had acted in self-defense after being assaulted by the victim. 5. The defendant's remaining three contentions have not been argued within the meaning of Rule 1:13 of the Appeals Court, as amended, 3 Mass. App. Ct. 801 (1975). Compare *Commonwealth* v. *Sheppard,* 5 Mass. App. Ct. 765 (1977); *Commonwealth* v. *DiRoma,* 5 Mass. App. Ct. 853 (1977).

*Judgments affirmed.*

*Anthony M. Traini* for the defendant.

*Clyde R. W. Garrigan,* Special Assistant District Attorney, for the Commonwealth.