COMMONWEALTH *vs.* MICHAEL WOODS. January 4, 1980. The defendant appeals from his convictions under two indictments, each of which charged rape on or about the twenty-third of September, 1975. 1. The defendant's motion for a new trial on the ground that the verdicts "were inconsistent with the weight of the evidence" was heard and denied by the judge who presided at trial. The defendant was in jail on September 23, 1975. The victim's testimony was that she could not remember the exact date of the incident and placed it some time during the latter part of September. (The defendant was on furlough on September 19.) She had tes-

tified at the probable cause hearing and before the grand jury and had stated on other occasions that the rapes occurred on the twenty-third. In his written decision on the motion, the judge concluded, "The case was decided on fact issues, fully presented to the jury, and I cannot substitute my own judgment, especially where I feel the defendant received a fair trial, and justice was done." We have examined the testimony of all the witnesses on this point and conclude that the judge's conclusion cannot be faulted. 2. The judge refused to ask prospective jurors three questions which were all directed to the question whether they could accept the presumption of innocence. The judge properly left discussion of that legal proposition to his final instructions, and he fully covered it there. The questions were not required by G. L. c. 234, § 28, as most recently amended by St. 1975, c. 335. "The nature and extent of the inquiry made on voir dire lies within the discretion of the judge [citations omitted] subject to certain statutory provisions . . . and the constitutional requirements enunciated in *Ham* v. *South Carolina,* 409 U.S. 524, 525-526 (1973), and interpreted and applied in several Massachusetts decisions [citations omitted]." *Commonwealth* v. *Nelson,* 2 Mass. App. Ct. 843 (1974).

*Judgments affirmed.*

*Willie J. Davis* for the defendant.
*Sandra L. Hamlin,* Assistant District Attorney (*Sharon D. Meyers,* Legal Assistant to the District Attorney, with her) for the Commonwealth.