THEODORE J. KORD & another *vs.* BAYSTATE MEDICAL CENTER, INC. & others. January 13, 1982. In preparation for a diagnostic procedure (a colonoscopy), the plaintiff Kord received an intramuscular injection of Demerol and Phenergan in the left buttock. Immediately following the injection Kord exhibited symptoms of neurological damage, notably pain down his left leg and partial paralysis. Kord suffered continuing "burning pain" and "foot drop," i.e., an inability to keep his left foot in a proper position without the aid of a brace. An expert testified that Kord would need to wear the foot brace and would require medication to alleviate his pain for the rest of his life. The jury returned a verdict for the defendants. This appeal is from denial of a motion for a new trial (on the ground that the verdict was against the weight of the evidence) and also claims error in the exclusion of certain proffered evidence.

1. The plaintiffs argue the following syllogism: Had the injection been administered in the proper place, injury to the sciatic nerve could not have occurred. Damage to the plaintiff Kord's sciatic nerve did occur; therefore, the injection must have been given in an improper place. In the light of the evidence, this argument is not without some persuasive force. However, there was also evidence, drawn forth on cross-examination of several witnesses who testified on behalf of the plaintiff, that: (a) the sciatic nerve lay deeper than the length of the needle used by the nurse who gave the injection, thus making it unlikely that the needle pierced the sciatic nerve; (b) that there may have been a slight anatomical

abnormality in the location of the sciatic nerve; and (c) that there was a possibility of diffusion of the medication through the sheath surrounding the sciatic nerve which might have resulted in irritation of, and injury to, the sciatic nerve. There was also testimony by the nurse who administered the injection and by the supervising nurse that the injection site was in the zone of safety. While we, on our reading of the record, would perhaps have allowed the motion for a new trial, that is not the test on appeal. A motion for a new trial is directed to the sound discretion of the trial judge and the disposition of such a motion shall not be reversed by an appellate court because the latter may have come to an opposite conclusion. *Davis* v. *Boston Elev. Ry.*, 235 Mass. 482, 496-497, 502 (1920). *Hartmann* v. *Boston Herald-Traveler Corp.*, 323 Mass. 56, 60-61 (1948). *Burke* v. *Gallison*, 7 Mass. App. Ct. 918, 919 (1979). We discern no abuse of discretion.

2. The judge, over objection, excluded a nurses' training film about how and where to give intramuscular injections. The basis for exclusion was primarily that the film might have misled the jury into concluding that there was only one specific spot at which it was proper to give an injection in the buttock, rather than in the upper-outer quadrant of the buttock generally. This was a narrow view; the film might have been helpful to the jury but we cannot say its exclusion materially prejudiced the plaintiffs. Witnesses had used a model of a human torso before the jury for demonstration purposes and the jury also had the benefit of photographs of Kord's entire buttocks. Thus the jury were not without the assistance of demonstrative evidence. The judge's decision to exclude the training film was not an abuse of discretion. *Horowitz* v. *Bokron*, 337 Mass. 739, 742-743 (1958). *Green* v. *Richmond*, 369 Mass. 47, 60 (1975).

*Judgment affirmed.*

*Order denying motion for a*
*new trial affirmed.*

*Paul R. Sugarman* for the plaintiffs.
*Edward L. Donnellan* for the defendants.