COMMONWEALTH *vs.* RICHARD F. FLEURANT. April 29, 1982. The appeal is from an order denying a motion for a new trial on the indictments under G. L. c. 272, §§ 35 and 35A, which were considered in *Commonwealth* v. *Fleurant*, 6 Mass. App. Ct. 846 (1978). 1. We do not consider any of the grounds of the motion set out in 1(d), (f), (j) through (l), (n), (p), (q) or (s) thereof because each of those grounds was expressly waived at the argument. 2. The arguments premised on the "consent" aspect of *Commonwealth* v. *Balthazar*, 366 Mass. 298, 302 (1974), contravene the holding in part 1 of our earlier opinion. 6 Mass. App. Ct. at 846. 3. The arguments advanced with respect to the second paragraph of G. L. c. 234, § 28, as appearing in St. 1975, c. 335, ignore (i) the holding in part 5 of the earlier opinion (6 Mass. App. Ct. at 847) and (ii) the observation of the motion judge (with which we concur) which appears in the concluding sentence of 1(b) of his findings and rulings. See *Commonwealth* v. *Shelley*, 381 Mass. 340, 351-353 (1980); *Commonwealth* v. *Sanders*, 383 Mass. 637, 640-641 (1981); *Commonwealth* v. *Jones*, 9 Mass. App. Ct. 103, 114-116 (1980), modified in a different respect, 382 Mass. 387 (1981). 4. There is no inconsistency between (i) the conclusions expressed in 1(h) of the findings and rulings and (ii) the rationale of *United States* v. *Bosch*, 584 F.2d 1113, 1122 (1st Cir. 1978). 5. We do not agree that the sarcastic remarks in trial counsel's closing argument contained anything which the jury could fairly have taken as an admission that the defendant had fellated one of the alleged victims. 6. We do not subscribe to the notion that a judge can refuse to sentence for a second offence under G. L. c. 272, § 35A, because of the antiquity of an earlier conviction under that same section. Contrast G. L. c. 233, § 21; *Commonwealth* v. *Chase*, 372 Mass. 736, 750 (1977); *Commonwealth* v. *McTigue*, 384

Mass. 814, 814-815 (1981). 7. All the remaining grounds of the motion were properly rejected for at least the reasons given by the motion judge in his findings and rulings.

*Order denying motion for a*
*new trial affirmed.*

*Anne E. Braudy (William P. Homans, Jr.,* with her) for the defendant.
*Peter M. McElroy,* Assistant District Attorney, for the Commonwealth.