Donovan, J.
This is an action in contract wherein plaintiff seeks to recover a $7,000 deposit made pursuant to a Purchase and Sale Agreement. Plaintiff alleged in the Complaint that the contract had, by its terms, become void. Defendant in his answer alleged that plaintiff had failed to comply with the mortgage contingency clause in the Rider to the Agreement.
Plaintiff entered into a purchase and sale agreement with defendant in order to buy a condominium unit in Brookline. The date of the agreement stated on the face of the document was August 5, 1983. The rider to the agreement required two conditions be met by plaintiff in order to secure the return of his $7,000 deposit: (1) He must use “his best efforts” to securé a mortgage for the remaining $63,000 due for the purchase of the unit. (2) He must notify defendant within 21 days of the “date of the agreement” if unable to obtain such financing. The evidence indicated that the purchase and sále agreement was signed by the plaintiff on August 11, 1983, and by the defendant on August 15,1983. The dates of the signatures were not recorded on the document. Mr. Shulman upon signing the agreement applied for mortgage financing at the Brookline Savings Bank for its prevailing rate mortgage of 11.75% variable rate. The bank rejected the application because plaintiff had insufficient income to qualify. Other financing was considered but, at 13-14%, was too costly for plaintiff and therefore no further applications were filed. On August, 30,1983, plaintiff notified defendant of his inability to secure financing and demanded the return of his deposit.
The trial judge found for the defendant. Plaintiff appeals claiming to be aggrieved by the court’s findings, the court’s ruling on plaintiffs Request for Ruling #1, and the court’s denial of the plaintiffs Motion for a New Trial under Dist./Mun. Cts. R. Civ. P., Rule 59.
It is well established in the law that a document complete on its face is treated as the entire understanding between the parties unless convincing evidence can be provided to the contrary. Robert Industries, Inc. v. Spence, 362 Mass. 751 (1973). See also WILLISTON ON CONTRACTS (3rd ed., 1961) §632 A.lt is true that plaintiff was not bound by the agreement until he signed it but in signing the Purchase and Sale Agreement plaintiff was agreeing to all of its terms which included not only the 21 day time limit of the mortgage contingency clause but also the date clearly stated on the face of the document. Plaintiff made no effort to amend the “date of agreement” as *54 stated in tiie contract to conform with the date of the actual signing. Nor was the date of the parties’ signatures put on the document thereby creating an ambiguity on the face of the contract. The trial judge specifically found there was. “no evidence that the actual date of the agreement was unknown to the parties.” There is no evidence to indicate that at the time of signing plaintiff did not intend the date on the face of the document, namely August 5,1983, to govern the terms of the contract. There is no error of law in the trial judge’s finding that plaintiff failed to give notice of his inability to secure mortgage financing within 21 days of the date of the agreement.
Astp the question of whether plaintiff used his “best efforts” in attempting to secure mortgage financing, we need not reach this issue. A finding that plaintiff did not give notice within 21 days disposes of the issue of his compliance witfi the mortgage contingency clause.
Plaintiff claims in the Report to be aggrieved by the judge’s ruling on his Request for Rulings #1. However he does not address this issue in his brief. Rule 64 (b) of the Dist./Mun. Cts. R. Civ. P. states clearly: “The appellate division need not pass upon questions or issues not argued in briefs.” Plaintiff has thus waived his right of review on said ruling.
Plaintiffs counsel argues that the trial judge’s denial of the Motion for a New Trial constitutes an abuse of discretion. The standard for finding an abuse of discretion in the denial of such a motion is that “no conscientious judge acting intelligently could honestly have taken the view expressed by him.” Davis v. Boston Elevated Ry., 235 Mass. 482 (1920). We do not find this to be the case. The fact that a reviewing court could reach a different conclusion is hardly a sufficient basis for finding the trial judge did not use sound discretion. Ibid. at 496-497, 502; Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60-61 (1948); Kord v. Baystate Medical Center, Inc., 13 Mass. App. Ct. 909 (1982).
For the reasons discussed above the Report is dismissed and the trial judge’s judgment is affirmed.