Bakas, J.
This appeal by the plaintiffs seeks to review the trial judge’s allowance of the defendants’ motion for summary judgment.
Essentially, the plaintiffs agreed to purchase real estate owned by the defendants in the amount of $135,000 as evinced by a written Purchase and Sale Agreement[3] which was executed on July 2,1985. Under the terms of the Agreement, the time for performance (delivery of the deed) was set for August 9, 1985. The purchase and sale of the real estate in question never came to fruition due to the plaintiffs’ inability to obtain a loan or the necessary financing even though the parties to the Agreement executed an extension in writing thereunder of the time for performance to September 10, 1985.
The plaintiffs’ complaint is couched in two counts, together with a copy of the Agreement attached thereto and marked “A.” The thrust of count 1 seeks a judgment in the amount of $10,000 which is the sum deposited by the plaintiffs per the terms of the Agreement, (and retained by the defendants as liquidated damages in accordance with par. 22 of the Agreement); and, count 2 which incorporates the allegations of count 1 and further asserts that the defendants’ failure to return the $10,000 deposit constitutes an unfair and deceptive practice under Gen. Laws, Chapter 93A, entitling the plaintiffs to recover treble damages or $30,000 from each of the two defendants.
The action of the trial judge in ordering summary judgment for the defendants is AFFIRMED in all respects and we hereby order the Report DISMISSED.
With reference to the plaintiffs’ Chapter 93A claim, which is at the heart of count 2, it is patently obvious from the Report (the plaintiffs’ complaint, the plaintiffs’ affidavit and all the pleadings which are embraced by the Report) that the transaction in question pertained to the purchase and sale of residential real estate between private parties. In short, the defendants were a husband and wife selling their residence in a non-business context; and, in no way are they described or characterized as professional sellers of real estate or that the transaction in question was of a commercial nature which renders the claim non-actionable under Chapter 93A. See Lantner v. Carson, 374 Mass. *145 606, (1978), which clearly indicates that relief under G.L.c. 93A, does not extend to any of the assertions set forth in count 2 of the plaintiffs’ complaint or elsewhere, and as such, is dispositive of the trial judge’s appropriate action relative to this phase of the plaintiffs’ complaint.
The remaining phase of the plaintiffs’ complaint is embodied in count 1, and thereunder, the core of the controversy (which led to the retention of the plaintiffs’ deposit by the defendants) relates to a mortgage contingency clause which is set forth [as it appears in paragraph (30A) of the Agreement] as follows:
In order to help finance the acquisition of the premises to be purchased, the Buyer shall apply for a conventional bank or other institutional mortgage loan of $45,000 payable in no less than 25 years at prevailing interest rates. If despite the Buyer’s diligent efforts a commitment for such loan cannot be obtained within 30 days of the execution of this agreement, the Buyer may terminate this agreement by written notice to the Seller and/or Seller’s Attorney prior to the expiration of such time, whereupon all deposits made under this agreement shall be forthwith refunded and this agreement shall be void without recourse to the parties hereto.
Subject to some exceptions not pertinent hereto, the respective rights and obligations of the parties to a written Agreement are governed by the terms thereof. Under the terms of the instant mortgage contingency clause the plaintiffs (Buyers) had a right to terminate the Agreement with the attendant obligation of written notice to the defendants (Sellers) in the event the plaintiffs were unable to obtain a loan within 30 days of the execution of the Agreement. Accordingly, the time frame within which the plaintiffs could exercise their right to terminate the Agreement embraced the period July 2, 1985 (date of the execution of the Agreement) through August 1, 1985 . . . which latter date or cut-off date would be eight days prior to the date initially set for performance, namely, August 9,1985.
There is no dispute between the parties that the plaintiffs served no notice of termination of the Agreement within the time frame herein above indicated nor at anytime during the month of August 1985. There is no dispute that the plaintiffs were unable to obtain a loan or other financing and that the plaintiffs’ attorney attempted to terminate the Agreement by mailing a letter to that effect under date of September 10,1985. The right of termination of the Agreement not having been exercised within the time set for such purpose by the terms of the Agreement, it expired. See Shulman v. Scola, 1985 Mass. App. Div. 53.
It is the plaintiffs’ contention that the extension of the time for performance (date set for delivery of the deed) from August 9,1985 to September 10,1985 also extended the plaintiffs’ 30 day right to terminate under the mortgage contingency clause of paragraph (30A) to September 10, 1985.. To the contrary, it is apparent that the extension relative to performance did not expressly or by implication affect the mortgage contingency clause under paragraph (30A) or any other paragraphs of the Agreement. Rather, it confirmed all the terms of paragraphs .of the Agreement, whether it be the paragraph which sets forth the purchase price or the paragraph which sets forth the mortgage contingency provision. It should be noted prior to the extension of the Agreement, the original performance date (or delivery of the deed) was set for August 9,1985 or eight days beyond any possible termination by the plaintiffs. It would be anomalous indeed to construe the concept or meaning of performance and the plaintiffs (Buyers) right to terminate, as *146 synonymous, thereby enabling the plaintiffs to terminate on the same day that the defendants are required to deliver the deed. In short, performance is the ultimate or consummation date of the transaction, and other dates or time frames incident to obtaining financing or other matters stand on their own footing and must logically precede the date set for the delivery of the deed. Indeed, the language with regard to the extension in the Agreement states in pertinent part after setting the new performance date (September 10,1985), “In all other respects this agreement is hereby ratified and confirmed." The plaintiffs’ affidavit avers that the “Seller agreed to wait.” To the extent that such an oral extension could be construed as an extension of the 30 day provision to terminate, such an oral agreement, if made, was of no effect. Paragraph (28) of the Agreement provides that the Agreement “may be cancelled, modified or amended only by written instrument executed by both” parties. In fact, the parties not only recognized this requirement, they acknowledged and followed it as manifested by their written extension of the performance date from August 9th to September 10th. Finally, on this matter we note in passing that even if it could be construed that the termination date was extended to September 10, 1985 we would reject the legal effectiveness thereof where it was exercised by mail on September 10th, given the fact that performance or delivery of the deed was set for the same day, namely, September 10,1985 at 11:00 a.m.; and, under paragraph (30A) the termination was required to be given by “written notice to the Seller and/or Seller’s attorney prior to the expiration of such time.”
The plaintiffs briefed and attempted to argue (1) that the retention of the deposit by the defendants as liquidated damages was punitive; and, (2) that the defendants failure to allege readiness to perform raised genuine issues of fact. Both of these arguments were not matters of dispute before the trial judge and were not issues that were raised by any of the pleadings or affidavits and consequently not part of the Report. As such, we refrain from any comment other than to note that the matter of liquidated damages in favor of the defendants was appropriate under paragraph (22) of the Agreement. See Lynch v. Andrews, 20 Mass. App. Ct. 623 (1985); and, as to the defendants’ readiness to perform it is instructive to note that “the law does not require a party to tender performance if the other party has shown that he cannot or will not perform,” Leigh v. Rule, 331 Mass. 664, 665 (1954), and,“the law does not insist on useless ceremonies.”
For the reasons stated we find no error by the trial judge and order the Report DISMISSED. The judgment for the defendants is AFFIRMED.

 The agreement is a standard form Purchase and Sale Agreement, copyright 1978, 1984. Greater Boston Real Estate Board.