Forte, J.
This is an action for negligence wherein the plaintiff-tenant seeks damages forpersonal injuries she allegedly sustained in a fall which she attributes to the unsafe and dangerous condition of a common stairway in an apartment building owned by the defendant-landlord.
Included in the defendant’s answer was the defense of “contributory negligence.” See G.Lc. 231, §85 — Comparative Negligence.
After trial, the judge made extensive findings of fact, but made no reference to any facts or findings relative to the issue of comparative negligence.
Thereafter, the defendant filed a “Motion to Amend Findings and Judgment or in the Alternative for a New Trial.” The defendant’s motion requested the trial judge: 1) to find that the plaintiff was negligent because she was under the influence of alcohol at the time in question; and 2) to rule that the defendant owed no legal duty to remove snow from the outside steps because the snowstorm had only begun on February 1, 1986 at 11:30 P.M. and the alleged fall occurred about 2:30 AM. on February 2,1986. The defendant’s motion was denied.
The defendant now claims to be aggrieved by the denial of his post-judgment motion, principally on the ground that the trial judge made no findings concerning the defense of comparative negligence.
The essence of G.L.c. 231, §85 is that the plaintiffs contributory negligence shall not bar recovery in an action in tort for the defendant’s negligence if the plaintiffs negligence was not greater than the defendant’s, but any damages awarded shall be diminished in proportion to the amount of negligence attributable to the plaintiff compared to the negligence of the defendant. Section 85 further states that the plaintiff shall be presumed to be in the exercise of due care, and the burden of proof that the plaintiff was negligent is upon the defendant
Although the trial judge made some findings of fact in this case, he was not required to do so. Unlike M.R.C.P. 52, Rule 52(a) of the Dist/Mun. Cts. R. Civ. P. states only that the court “may find the facts specially...” [emphasis supplied] and thus permits, but does not require, subsidiary findings in a district court civil proceeding. Similarly, G.Lc. 231, §85 does not require a trial judge to make express, written findings concerning comparative negligence. There is thus no merit to the defendant’s contention that the court erred in failing to make G.Lc. 231, §85 findings herein.
The only remaining issue posited by the defendant’s appeal is whether the trial court abused its discretion in denying the defendant’s post-trial motion for amended findings or a new trial. Galvin v. Welsh Mfgr. Co., 382 Mass. 340 (1981); Kord v. Baystate Medical Ctr., Inc., 13 Mass. App. Ct. 909 (1982). “Abuse of discretion consists of judicial action ‘that no conscientious judge, acting intelligently, could honestly have taken.’” Bartley v. Phillips, 317 Mass. 35, 40 (1944).
*219 The evidence adduced at trial included the following:[1]
[The] plaintiff s testimony is that she wentdown the stairs in the vestibule, [and] the wind had blown the front door open causing snow to accumulate on the stairs. It is her testimony that she slipped on the stairs as a result of the accumulation of snow and fell as a result of the lack of a handrail.
[The] testimony of a friend of the plaintiff who reported her statements that she slipped on the ice as she was going out the door.
[The] evidence at trial was such that the defendant had failed to properly secure the frontdoor, allowing it to be blown open by the wind, causing snow and water to accumulate on the floor and the stairs.
Upon review of this scant reported evidence, we find no abuse of discretion in the trial court’s denial of the defendant’s motion to amend findings or for a new trial. The judge was not required to believe contrary evidence introduced by the defendant at trial and advanced as grounds for the defendant’s post-judgment motion.
Report dismissed.

 Although the report fails to set forth a summary of the evidence as required by Dist./Mun. Cts. R. Civ. P., Rule 64(c) (2) and Form 33, the trial judge’s findings of fact are prefaced by a separate recital of trial evidence. See Olofson v. Kilgallon, 362 Mass. 803 (1973). The report states that it contains all the evidence material to the questions reported.