MANFRED T. HOFFMAN & another[1] *vs.* HOWMEDICA, INC.

Essex.    March 10, 1977. — July 6, 1977.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Sale,* Warranty.    *Uniform Commercial Code,* Warranty, Privity of contract.    *Statute,* Construction, Retroactive statute.

In an action for breach of warranty against the manufacturer of a hip prosthesis which was implanted in the plaintiff's hip prior to the amendment of G. L. c. 106, § 2-318, by St. 1971, c. 670, § 1, which eliminated the requirement of privity in such cases, privity was not required for recovery where an injury resulting from a defect in the device occurred subsequent to the amendment of § 2-318 by St. 1973, c. 750, § 2.  [33-37]

CIVIL ACTION commenced in the Superior Court on March 6, 1975.

The case was tried before *Good,* J.

The Supreme Judicial Court granted requests for direct appellate review.

*William H. Shaughnessy* for the defendant.

[1] The named plaintiff's wife was also a party to the action and recovered for loss of consortium.

*Lawrence B. Wernick* (*Thomas D. Burns* with him) for the plaintiffs.

LIACOS, J.   The defendant appeals from judgments of the Superior Court awarding damages in excess of $45,000 entered after jury verdicts in favor of the plaintiffs. The basis of the plaintiffs' claim was that the defendant was negligent and had breached its warranties of fitness and merchantability (G. L. c. 106, § 2-314) in the manufacture and sale of a hip prosthesis, the failure of which after implantation by an appropriate surgical procedure caused the plaintiff Manfred T. Hoffman (the plaintiff) to suffer damage. The jury returned verdicts for the plaintiffs on the counts of the complaint which sought recovery based on the defendant's alleged breach of the implied warranty of merchantability and found for the defendant on the counts charging negligence. After the jury verdicts the defendant moved for judgment notwithstanding the verdict, Mass. R. Civ. P. 50 (b), 365 Mass. 814 (1974), on the basis that there was no evidence of privity of contract between the parties at a time when the applicable law required privity as a basis for recovery in a warranty action. The trial judge denied the motion and entered judgments in accord with the jury verdicts. The defendant then filed a notice of appeal. On the motion of both parties we granted direct appellate review. The case is before the court on a statement of agreed facts approved by the trial judge. Mass. R. A. P. 8 (d), 365 Mass. 849 (1974).

The facts, in so far as they are material, show that this case had its genesis on September 9, 1971, when the plaintiff underwent an operation to ameliorate a condition known as degenerative osteoarthritis. The operation by which a device manufactured by the defendant in August of that year was implanted in the plaintiff's hip was, as far as could be ascertained, successful.

The aura of apparent success remained until May, 1974, when the plaintiff found himself unable to bear any weight on the replaced joint without pain. A subsequent examina-

tion showed "a fracture and resulting separation between the rounded head and the narrowed neck of the metal femoral component of the prosthetic device." The condition was corrected by an operation on May 28, 1974. Expert testimony was presented at the trial relative to the defendant's negligence in the manufacture and testing of the device. The parties have stipulated for the purpose of this appeal that the evidence was sufficient to allow a finding that the defendant was negligent in the manufacture of the device and that the defendant had breached its implied warranties of fitness and merchantability.

In so far as the jury verdicts were based on the defendant's breach of implied warranty, and not negligence, the only issue for decision is whether the plaintiff may recover on that basis, in the absence of privity of contract with the defendant. G. L. c. 106, § 2-318, as appearing in St. 1973, c. 750.

To put the issue in perspective, a brief review of the history of the section is in order. As it appeared originally in St. 1957, c. 765, § 1, as part of the Commonwealth's adoption of the Uniform Commercial Code, § 2-318 gave members of a purchaser's family, household, and guests the benefit of warranties received by the buyer by virtue of G. L. c. 106, § 2-314, inserted by St. 1957, c. 765, § 1. In essence, the section eliminated the requirement of privity which was necessary for recovery under previous law but did so only for the limited class defined. 1A Uniform Laws Annot., U.C.C., Comment 2 to § 2-318 (Master ed. 1976). See, e.g., *Haley* v. *Allied Chem. Corp.*, 353 Mass. 325 (1967).[2]

The section was completely rewritten by St. 1971, c. 670, § 1. The amended version eliminated the defense of privity in any suit against a manufacturer, seller or supplier of goods, in an action for breach of warranty, "if the

---

[2] In *Carter* v. *Yardley & Co.*, 319 Mass. 92 (1946), the privity requirement was eliminated as an element of a cause of action between a purchaser and manufacturer in a negligence suit. Here, the jury found for the defendant on the question of negligence so that the decision is of no benefit to the plaintiffs.

plaintiff was a person whom the manufacturer ... might reasonably have expected to use, consume or be affected by the goods." Section 2 of the act provided that the new version of § 2-318 "shall apply to sales made on or after the effective date of this act." Since the act was approved on August 18, 1971, it became effective ninety days later, Mass. Const., art. 48, The Referendum, I. Assuming without deciding that there was a "sale" within the meaning of the act, the fact that such "sale" as well as the implantation of the prosthesis preceded the effective date of the act (November 16, 1971), makes this version of § 2-318 inapplicable to the instant case.

However, in 1973, the Legislature again amended § 2-318 by striking out the section most recently amended by St. 1971, c. 670, § 1, and inserting in its place the version set forth in St. 1973, c. 750, §§ 1, 2. Of relevance to this case is the fact that the new version of § 2-318 contained a two-year statute of limitations for actions brought under the section[3] as well as a section which stated in relevant part: "Section 2-318 ..., as amended by section one of this act, shall apply ... to injuries which occur after the effective date of this act."

Both parties seem to agree that the language of § 2 of the act, if read literally, would apply to this case, since the injury occurred after the effective date of St. 1973, c. 750. The plaintiff, as might be expected, argues that this is the only permissible interpretation open to the court. The defendant, on the other hand, takes a contrary view and seeks to avoid the result urged by the plaintiffs by suggesting that the plaintiffs' reading of the statute is in error. We examine the defendant's argument.

The defendant's primary contention is that, in the absence of a clear legislative direction, we cannot interpret § 2-318, as amended, to apply retroactively. *City Council of Waltham* v. *Vinciullo,* 364 Mass. 624, 626 (1974). However, the argument is premised on an unsupported assumption. The faulty assumption is that the statute does

---

[3] Statute 1974, c. 153, increased the period to three years.

in fact operate retroactively. The elimination of the privity requirement accomplished by § 2-318 has as its evident purpose deemphasizing the "sale" transaction and looks instead to the harm which may result from defects contained in items in commerce which may cause injury to the class of plaintiffs specified in the statute. Cf. *Berry v. G.D. Searle & Co.,* 56 Ill. 2d 548, 553 (1974). Viewed in this light, § 2-318 does not operate retroactively but prospectively in the sense that it affords protection to a proper plaintiff whose injury came about after the effective date of the amendment.[4]

The defendant's second contention is that the legislative history of the statute indicates that the strict, literal reading of the statute results in applications beyond the intent of the Legislature. In particular, the defendant points to the fact that when what became St. 1973, c. 750, was sent to the Governor for signature the crucial language in § 2 made the section applicable to "sales made on or after the effective date of this act." 1973 House Doc. No. 4935. The Governor returned the bill to the Legislature with an accompanying letter, 1973 House Doc. No. 7117, in which he expressed concern that the means by which the Legislature inserted the two-year statute of limitations in § 2-318 (rejecting the four-year provision of G. L. c. 106, § 2-725) could result in the extinction of some preexisting claims. The Governor thus recommended the adoption of the language which became part of St. 1973, c. 750. The

---

[4] The defendant attempts to bolster its position by arguing that the 1973 amendment left § 2 of the 1971 amendment intact and argues that the only effect of § 2 of the 1973 act was to define the time from which lessors, who were first included by virtue of the 1973 amendment, would become liable. However, this interpretation disregards the fact that St. 1973, c. 750, § 2, specifies that it applies to leases made after the effective date of the act. That portion of § 2 would be surplusage under the defendant's line of reasoning. Since the Legislature must be presumed to know the preexisting law, and since we must try to read subsequent enactments in harmony with each other, *Hadley* v. *Amherst,* 372 Mass. 46 (1977), we believe that the effect of the language at issue, consistent with the apparent legislative intent, is to expand the class of plaintiffs who may claim the warranty protections of G. L. c. 106, § 2-314.

defendant argues that the Legislature's adoption of this language indicates its sole concern was with the applicability of the statute of limitations and not with the creation of substantive rights.

The difficulty with this argument is that it overlooks a salient principle of statutory construction, namely, that the statutory language itself is the principal source of insight into the legislative purpose. *Commonwealth* v. *Gove,* 366 Mass. 351, 354 (1974). Also, where the language of the statute is plain and unambiguous, as here, legislative history is not ordinarily a proper source of construction. *D.N. Kelley & Son* v. *Selectmen of Fairhaven,* 294 Mass. 570, 576 (1936). We note that a consideration of the defendant's arguments in this regard adds no further merit to its contentions.

*Judgments affirmed.*