**Brenda PAYTON, et al, Plaintiffs,**
**vs.**
**ABBOTT LABS, et al.,**
**Defendants**

**No. 76-1514-S**

United States District Court
Commonwealth of Massachusetts

**October 14, 1982**

Jeanne Baker, counsel for plaintiffs
Harvey A. Silvergate, Thomas G. Shapiro, Nancy Gertner, counsels for plaintiffs
O. Stevens Sughrue, Jr., Esq., counsel for plaintiffs
Walter G. Murphy, Pamela J. Basaman, counsels for defendants
Marshall Simonds, counsel for defendants

### MEMORANDUM ON MOTION FOR PARTIAL SUMMARY JUDGMENT ON BREACH OF WARRANTY ISSUE

**Skinner, D.J.** This action is presently before the court on defendants' motion for summary judgment on the issue of breach of warranty.

Plaintiffs are daughters of mothers who had taken Diethylstilbestrol ("DES") while plaintiffs were **in utero.** The daughters allege that they suffer from various injuries caused by DES. Defendants are drug companies that have manufactured DES in the past. The last year in which any of the defendants manufactured DES was in 1970. Defendants have moved for a partial summary judgment on breach of

warranty. Defendants' position is that a partial summary judgment should be entered for them because no privity exists between plaintiffs and defendants.

Breach of warranty law in Massachusetts is presently based on the Uniform Commercial Code. M.G.L. c. 106, sec. 2-318. Various amendments have been made to the original breach of warranty statute, enacted in 1957, St. 1957, c. 765. That statute abolished the need for privity in breach of warranty actions when the plaintiff was a family member or guest of the party to the contract. M.G.L. c. 106, sec. 2-318 was rewritten by St. 1971, c. 670 in 1971 to abolish the need for privity. Section 1 provided that privity was not needed "if the plaintiff was a person whom the manufacturer . . . might reasonably have expected to use, consume or be affected by the goods". Section 2 provided that this new version of sec. 2-318 "shall apply to sales made on or after the effective date of this act". M.G.L. c. 106, sec. 2-318 was amended again in 1973. St. 1973, c. 750 struck out sec. 1 and replaced it with a provision that included leases and provided for a two-year statute of limitations. Section 2 provided that "this act, shall apply . . . to injuries which occur after the effective date of the act". in 1974, the Legislature amended M.G.L. 106, sec. 2-318 to provide for a three-year statute of limitations.

The Massachusetts courts have held that privity is not required for injuries that have occurred after December 16, 1973, the effective date of the 1973 amendment. The court focuses on the date the injury occurred, then looks to the amendment in effect at that time. **Hoffman v. Howmedica, Inc.,** 373 Mass. 32, 364 N.E. 2d 1215 (1977); **Cameo Curtains, Inc. v. Philip Carey Corp.,** 1981 Mass. App. Adv. Sh. 411, 416 N.E. 2d 995.[1] In **Hoffman,** the Supreme Judicial Court held that a plaintiff could recover where he had suffered an injury after December 16, 1973 even though privity did not exist when the plaintiff had purchased the defective product in 1971. 373 Mass. 32, 364 N.E. 2d at 1217. In **Cameo Curtains v. Philip Carey Corp.,** 1981 Mass. App. Adv. Sh. 411, 416 N.E. 2d 995, the Appeals Court applied **Hoffman** and held that where "damage" occurred in 1975, plaintiff could recover even though privity did not exist between plaintiff and defendant in 1969 when the defective product was purchased. **Id.**

The determinative question on this motion is when did the injury occur: when the DES was ingested by a particular plaintiff's mother, or when the plaintiff experienced a physical symptom attributable to the DES? In **Hoffman v. Howmedica,** 373 Mass. 32, 364 N.E. 2d 1215 (1977), the Court applied the 1973 statute to the case of a plaintiff in whom a defective artificial hip had been implanted prior to the 1971 statute but who did not suffer any symptoms until 1974. This situation seems to me to be clearly analogous to the present one.

Accordingly, I rule that the first appearance of symptoms attributable to DES constitutes the injury for purposes of St. 1973, c. 750. A cause of action for breach of warranty is available under Massachusetts to any plaintiff whose physical symptoms first occurred after the effective date of the 1973 amendment of M.G.L. c. 106, sec. 2-318, namely, December 16, 1973, and is not available to those plaintiffs whose physical symptoms first appeared before that date.

Since there is no way of knowing at the present which, if any, of the members of the plaintiff class fall into the latter class, there is no point in attempting to frame a partial summary judgment at this stage in the case. The foregoing shall constitute the law of the case as it proceeds, but the defendants' motion for partial summary judgment is DENIED, without prejudice to its renewal.

**Walter Jay Skinner**
**United States District Judge**

---

[1]The **Cameo** court was interpreting St. 1974, c. 153, entitled "An Act Extending the Time Within Which Actions for Breach of Warranty May Be Brought", which increased the statute of limitations from two to three years.