Jean ROBERTS
vs.
Joseph F. CASAZZA, Commissioner
of the Department of Public Works

No. 43530

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

January 11, 1983

Augustus J. Camelio and Wayne Solni, counsels for plaintiff.
Joan T. Schloss and Kelam S. Derderian, Asst. Corp. Counsel, counsels for defendant.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter came on for hearing before the court on plaintiff's motion for summary judgment. All parties agreed that there were no genuine issues of material fact in dispute in this case, consequently, summary judgment is appropriate. Mass. R. Civ. P. 56(c); United States Trust Co. of New York v. Herriott, Mass. App. Ct. Adv. Sh. (1980) 1455, 1459.

### FACTS

Wayne Roberts was employed as a Motor Equipment Operator by the Public Works Department of the City of Boston. On March 25, 1978, he was suspended without pay pursuant to G.L. c. 268A, sec. 25 because he had been indicted for a

felony. On May 20, 1979, before trial on the charges had commenced, Roberts died. A suggestion of death was filed with the superior court and all the charges brought against Roberts were dismissed on June 8, 1979. (Suffolk Superior Court Docket Numbers 018379-018385, 018557-018559). The sole reason for dismissal of the indictments was the death of the accused.

On behalf of the plaintiff (Roberts' widow), the attorney for Council 93 of the American Federation of State, County, and Municipal Employees formally requested that the City of Boston provide her with Roberts' unpaid wages and additional pension and survivors' benefits, alleging that she was entitled to them because the criminal proceedings brought against her husband had been dismissed without a conviction. The defendant (Commissioner of the Department of Public Works) refused to comply, arguing that no compensation was due for the period that Roberts was suspended because he had not been acquitted of the charges.

The plaintiff subsequently brought this action in superior court, seeking recovery of the compensation that was not paid to her husband during the period of his suspension as well as any additional pension and survivor benefits that would be due to her had her husband been employed up to the time of his death. On May 11, 1982, the court (Linscott, J.) allowed Elliott J. Mahler, as Special Administrator of Roberts' estate, to intervene as a party plaintiff.

## DISCUSSION

Roberts was suspended without pay pursuant to G.L. c. 268A, sec. 25, which provides for suspension of any municipal employee who is under indictment for misconduct in such employment. The statute further provides as follows:

"If the criminal proceedings against the person suspended are terminated **without a finding or a verdict of guilty on any of the charges** on which he was indicted, his suspension shall be forthwith removed, and he shall receive all compensation or salary due him for the period of his suspension, and the time of his suspension shall count in determining sick leave, vacation, seniority and other rights, and shall be counted as creditable service for purposes of retirement."
(emphasis added)
G.L. c. 268A, sec. 25.

A primary rule in statutory construction is that the statutory language itself is the "principal source of insight into legislative purpose." **Hoffman v. Howmedica, Inc.**, 373 Mass. 32, 37 (1977). Although the defendant urges the court to review the legislative history behind the statute, legislative history is not a proper source of construction when the statutory language is clear and unambiguous. **Id.**; **D.N. Kelley & Son v. Selectman of Fairhaven,** 294 Mass. 570, 576 (1936).

The language of G.L. c. 268A, sec. 25 is perfectly clear. It requires reinstatement of a suspended employee upon termination of criminal proceedings "without a finding or verdict of guilty on any of the charges." G.L. c. 268A, sec. 25. The legislature has provided that the state may permanently deprive an indicted employee of his job, but only if he is actually convicted of a crime. Otherwise, the employee must be reinstated to his job and recompensed as though the suspension had never occurred. Any other construction of the statute would be unreasonable. See **Mass. Commission Against Discrimination v. Liberty Mutual Ins. Co.,** 371 Mass. 186, 190 (1976). Consequently, because criminal proceedings against Roberts were terminated without a finding of guilty, the Department of Public Works must treat his estate and the survivors' benefits from his pension plan as though he had never been suspended.

There is no merit in the defendant's argument that Roberts should have attempted to mitigate damages by looking for employment elsewhere during his

suspension. Clearly the legislature did not intend that reinstatement of a suspended employee should constitute damages which would be subject to mitigation. The legislature passed G.L. c. 268A, sec. 25 to permit suspension of an employee without pay upon indictment and eliminated the necessity of waiting for a conviction. Consequently, the compensation due to a formerly suspended employee constitutes part of his reinstatement and not damages subject to mitigation. Therefore, based upon the foregoing reasons, plaintiff's motion for summary judgment is **allowed**.

## ORDER

It is **Ordered** that the defendant, Joseph F. Casazza, Commissioner of the Department of Public Works, calculate the compensation due to Wayne Roberts for the period of his suspension from March 25, 1978 to May 20, 1979. That amount shall be paid by the defendant to the estate of Wayne Roberts (Elliott J. Mahler as Special Administrator and party plaintiff).

It is further **Ordered** that the defendant, in accordance with G.L. c. 268A, sec. 25, count the period of Roberts' suspension (March 25, 1978 to May 20, 1979) as creditable service for the purpose of calculating retirement benefits and make the accordingly appropriate adjustments in the payments to the plaintiff Jean Roberts from the pension and survivors' benefit plan.

The defendant is also **Ordered** to calculate the difference between the pension benefits received to date by the plaintiff Jean Roberts and the amount actually owed. That amount should be paid to the plaintiff Jean Roberts.

**Herbert Abrams**
**Justice of the Superior Court**