GEORGE L. HENRICK *vs.* THE COATS COMPANY, INC. January 11, 1984. *Negligence,* Manufacturer. *Warranty. Notice.*

1. As nobody was in a position to compute the volume of air which the tire in question was designed to hold because nobody knew the diameter

of the cross section of the tire and because there was no evidence as to the range of possible diameters, there was no error in the rulings of the judge by which he excluded the estimates of the plaintiff's expert of the amounts of energy which would have been released by the explosion of the tire when inflated to various pressures. By the same token, it was error to allow the defendant's experts to give their respective estimates of the lengths of time it would have taken to inflate the tire to various pressures. 2. Whether the defendant had been prejudiced by the plaintiff's failure to give it notice of the accident and injuries at any time prior to the service of the summons and a copy of the complaint (which was not accomplished until shortly after the running of the statute of limitations) was a question of fact to be determined by the jury under proper instructions as to the burden of proof on the issue of prejudice. See G. L. c. 106, § 2-318, as most recently amended by St. 1974, c. 153; G. L. c. 106, § 2-607(3)(a); *Nugent* v. *Popular Mkts., Inc.*, 353 Mass. 45, 48-50 (1967); *Jennett* v. *Colorado Fuel & Iron Corp.*, 9 Mass. App. Ct. 823, 824 (1980); *Cameo Curtains, Inc.* v. *Philip Carey Corp.*, 11 Mass. App. Ct. 423, 426-427 (1981). Accordingly, the judge could not properly have allowed the defendant's motion for a directed verdict on so much of the complaint as alleges breaches of implied warranties. 3. General Laws c. 106, § 2-318, is explicit that the burden is on the defendant to prove prejudice in cases such as the present, in which there was no notice of any breach of warranty prior to the commencement of the action. *Swartz* v. *General Motors Corp.*, 375 Mass. 628, 630 (1978). Accordingly, there was error (seasonably objected to) in the instruction that the plaintiff had the burden of proving that "there was no prejudice to the defendant for the lack of notice." 4. The judge also erred in instructing the jury that the doctrine of comparative negligence (G. L. c. 231, § 85) would be applicable to the plaintiff's claims based on breaches of warranties as well as to his claims based on negligence, and in instructing (several times) that the two general verdicts must be in the same amount if the jury should find for the plaintiff on both types of claim. *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342, 353-357 (1983). 5. The judgment is reversed, and the case is to be retried on both the negligence and the warranty claims.

*So ordered.*

*Karen M. Thursby (Thomas M. Kiley* with her) for the plaintiff.
*Cynthia J. Cohen* for the defendant.