Carla ERRICHIELLO, Plaintiff,

v.

ELI LILLY AND CO. et al.,
Defendants.

Civ. A. No. 82–1718–G.

United States District Court,
D. Massachusetts.

Oct. 9, 1985.

Albert P. Zabin, Schneider, Reilly, Zabin, Connolly & Costello, Boston, Mass., for plaintiff.

Walter G. Murphy, Murphy and Mitchell, Boston, Mass., for Merck & Co., Inc.

Elizabeth Fahey, Morrison, Mahoney & Miller, Boston, Mass., for Rexall Drug Co.

John J.C. Herlihy, Herlihy and O'Brien, Boston, Mass., for Burroughs-Wellcome Co.

William A. McCormack, Anne J. Dubitzky, Bingham Dana & Gould, Boston, Mass., for Upjohn Co.

David W. Rosenberg, Hill & Barlow, Boston, Mass., for Abbott Laboratories.

Marshall Simonds, Goodwin, Proctor & Hoar, Boston, Mass., for Eli Lilly & Co.

Thomas D. Burns, Boston, Mass., for Kremens-Urban Co.

Samuel Adams, Joseph J. Leghorn, Warner & Stackpole, Boston, Mass., for E.R. Squibb & Son.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

GARRITY, District Judge.

Defendant Eli Lilly and Company has filed a motion for summary judgment against plaintiff Carla Errichiello as to both counts of her complaint. As grounds therefor, defendant argues that plaintiff's claims are barred by the Massachusetts statute of limitations governing tort claims and actions for breach of warranty.

The relevant facts are not in dispute. On June 22, 1982 plaintiff filed the instant action against six manufacturers of diethylstilbestrol (DES) alleging that she developed vaginal cancer as a result of *in utero* exposure to DES, i.e., because her mother took DES while pregnant with plaintiff. Count 1 of the complaint charges the defendants with negligence in the manufacture and marketing of DES. Count 2 charges defendants with breach of certain implied warranties.

The briefs and exhibits submitted by the parties show that plaintiff was diagnosed as suffering from a form of vaginal cancer in July, 1973. At that time, her treating physician informed her parents that the cancer was probably linked to *in utero* exposure to DES. Plaintiff's brother and grandmother learned of the suspected link

shortly thereafter. Additionally, plaintiff's medical records and doctor's reports, prepared between 1973 and 1979, contained references to the causal connection between *in utero* exposure to DES and plaintiff's vaginal cancer.

Plaintiff states that although she was informed that she had cancer, she was never told by either her doctors or her family that her cancer was in any way connected with DES. She alleges that she did not learn that her mother had taken DES until her mother told her in July of 1980. Before that time plaintiff never attempted to determine the cause of her cancer or inspect her medical records. She states that she believed that cancer afflicted many people for no apparent reason and thus she never thought to inquire as to the cause of her own cancer. However, plaintiff commenced the present litigation within three years of her discovery of the suspected causal connection between her cancer and DES.

## I. *The Negligence Claim:*

■ The Massachusetts statute of limitations governing negligence actions provides that "actions of tort ... shall be commenced only within three years next after the cause of action accrues." M.G.L. c. 260, § 2A. For purposes of resolving the present motion, the crucial question is when the limitation period began to run. Examination of the Massachusetts Supreme Judicial Court's decisions in analagous areas of tort law leads the court to conclude that the Supreme Judicial Court would apply the cause of action discovery rule to plaintiff's negligence claim. *See,* e.g., *Olsen v. Bell Telephone Laboratories, Inc.,* 1983, 388 Mass. 171, 445 N.E.2d 609 (applying discovery rule to action for negligence resulting in insidious occupational disease); *Franklin v. Albert,* 1980, 381 Mass. 611, 411 N.E.2d 458 (applying the rule to medical malpractice claim). *Accord, Fidler v. Eastman Kodak Co.,* 1st Cir., 1983, 714 F.2d 192.

■ The discovery rule provides that a cause of action does not accrue within the meaning of the statute of limitations until the plaintiff knows or reasonably should have known that he has been injured as a result of conduct of the defendant. *Olsen, supra,* 445 N.E.2d at 611–12. The rule requires cognizance of the injury and its cause before the limitations period is deemed to commence running. Implicit is the duty on the plaintiff to exercise reasonable diligence in ascertaining the operative facts and whether the injury is legally compensable. *Franklin, supra,* 381 Mass. at 619, 411 N.E.2d 458; *Fidler v. Eastman Kodak Co.,* 1st Cir., 1983, 714 F.2d 192, 199. Additionally, under the rule, plaintiff bears the burden of proving such facts as to take the case outside of the impact of the three-year statute of limitations. *Franklin, supra,* 381 Mass. at 619, 411 N.E.2d 458.

■ Defendant argues that upon notice of her injury, plaintiff had the duty to exercise reasonable diligence to discover the basis for her claim. In defendant's view, then, the duty arose in July of 1973 when plaintiff learned she had cancer. Plaintiff contends that the duty did not arise until July of 1980 when she was informed by her mother that the cancer might be linked to *in utero* exposure to DES. In the court's view, the duty to exercise reasonable diligence is incorporated in the discovery rule's "reasonably should have known" language, and "discovery" encompasses not only notice of the injury, but notice of the likely cause as well. Consequently, a cause of action accrues when plaintiff has knowledge of both her injury and its likely cause or has sufficient facts available such that she reasonably should discover the probable causal relationship between her injury and conduct of the defendant. Once on notice of her injury and its likely cause, plaintiff must ascertain whether the theory of causation supports a legal claim. She has three years to do so.

■ Application of the discovery rule to the case at bar compels the conclusion that defendant's motion must be denied with

respect to count 1 of the complaint. Summary judgment is appropriate only if "there is no genuine issue as to any material fact, and the movant is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The court must look at the record in the light most favorable to the party opposing the motion, indulging all inferences in that party's favor. Here, there is no dispute between the parties as to the essential evidentiary facts, but only as to the ultimate conclusion to be drawn from those facts: whether plaintiff reasonably should have known prior to July of 1980 that her cancer might be linked to her mother's ingestion of DES. In the court's opinion, resolution of this issue does not lend itself to determination as a matter of law. For statute of limitations purposes, a diagnosis of cancer is quite different from an injury sustained in an automobile accident. The development of cancer will not constitute, in many situations, "the happening of an event likely to put the plaintiff on notice of the invasion of legal rights," *Hendrickson v. Sears*, 1974, 365 Mass. 83, 89–90, 310 N.E.2d 131, particularly where the injury suffered by plaintiff was allegedly caused by a drug ingested by her mother twenty-one years before plaintiff learned of her cancer.

While it is conceded that plaintiff could have discovered the alleged cause of her cancer in 1973 by asking her family or doctors or examining her medical records, the crucial question is whether, under all the circumstances, she reasonably should have discovered the cause prior to July of 1980. Resolution of such a question requires a determination of the reasonableness of plaintiff's conduct and raises genuine factual issues as to when plaintiff's cause of action "accrued" within the meaning of M.G.L. c. 260, § 2A. *See, e.g., Prescott v. United States*, D.Nev., 1981, 523 F.Supp. 918 (material fact issues existed as to when plaintiff should have discovered his possible cause of action for radiation poisoning, precluding summary judgment on statute of limitations defense); *Grabowski v. Turner & Newall*, D.Pa., 1980, 516 F.Supp. 114, aff'd 651 F.2d 908 (substantial

fact issue existed as to when plaintiff knew or should have known injury was caused by exposure to asbestos, precluding summary judgment on statute of limitations defense); *Mann v. A.H. Robins Co., Inc.*, 5 Cir., 1984, 741 F.2d 79 (question whether plaintiff did not know, nor reasonably should have known of cause of her injury was factual question precluding summary judgment on statute of limitations grounds). Accordingly, defendant's motion for summary judgment is denied with respect to count 1 of plaintiff's complaint.

## II. The Breach of Warranty Claim:

Defendant seeks summary judgment in its favor as to plaintiff's breach of warranty claim on two separate grounds: (1) the claim is barred by the governing statute of limitations, M.G.L. c. 106, § 2–318; and (2) the transactions giving rise to plaintiff's claim are governed by the Uniform Sales Act, which provided that a party bringing a breach of warranty claim had to establish privity of contract with the defendant. Massachusetts warranty law is currently modeled after the Uniform Commercial Code, which dispenses with the privity requirement. M.G.L. c. 106, § 2–318.

■ In *Payton v. Abbott Laboratories*, D.Mass., 1982, 551 F.Supp. 245, 246, the court held that a cause of action for breach of warranty is available under Massachusetts law to any plaintiff whose physical symptoms first occurred after the effective date of the 1973 amendment to M.G.L. c. 106, § 2–318 abolishing the privity requirement, namely, December 16, 1973. *Accord, Hoffman v. Howmedica*, 1977, 373 Mass. 32, 364 N.E.2d 1215. Plaintiff concedes that her physical symptoms first occurred no later than July of 1973 when she was diagnosed as suffering from cancer. Accordingly, the court holds that plaintiff's breach of warranty claim is barred by the decision in the *Payton* case since plaintiff has not alleged privity of contract with defendant. Hence it is unnecessary to reach the question of whether plaintiff's claim is also barred by the applicable statute of limitations. Defendant's motion for

**488**

summary judgment is granted with respect to count 2 of plaintiff's complaint.