Connolly, J.
Plaintiffs move for this court to amend its decision of June 21, 1993 on a G.L.c. 93A count arising from injuries plaintiff, John Lewis, suffered from defendant’s snow blower. Plaintiffs contend that this court misconstrued the underlying breach of warranty that supports the 93A claim. Specifically, the plaintiffs argue that a breach of warranty occurs at the time of injury, not at the time of sale. Thus no issue of retroactivity exists. Plaintiffs further contend that even if the law bars 93A claims based on a breach of warranty where the product’s sale occurred before *112 93A’s effective date, the defendant waived its right to raise the defense. Upon reflection, I agree with plaintiffs’ argument that a breach of warranty occurs at the time of injury and amend my decision accordingly.
BACKGROUND
Plaintiffs alleged four counts in its amended complaint. The parties tried Counts I-III before a jury in Norfolk Superior Court. The jury returned a verdict on January 29, 1993, denying recovery for Counts I (negligence) and II (loss of consortium), but awarding $205,000 on Count III (breach of an implied warranty of merchantability). I heard plaintiffs’ fourth count based on G.L.c. 93A and issued a decision on June 21, 1993.
FACTS
Mr. Lewis purchased the snow blower in question in a used condition from Virginia Parsons in April of 1982. Ariens manufactured the snow blower during the 1966-67 model year. An undisclosed retailer sold the snow blower sometime during 1966.
Mr. Lewis was using the snow blower on January 26, 1988 to clear snow from his driveway when he sustained the physical injuries for which he has sought compensation. While the snow blower ran in a neutral position, Mr. Lewis walked from the rear of the machine to its front right side and attempted to disengage the clutch mechanism that controls the operation of the snow blower’s impeller blades. Before he could successfully complete this maneuver, however, Mr. Lewis slipped on the ice or snow and fell forward, causing his right hand to enter the machine’s discharge chute. The impeller blades severed four fingers on his right hand.
Studies made shortly after or around the snow blower’s initial sale demonstrated its dangers. In 1972, Ariens added an engine kill type of deadman’s control that made the snow blower safer, but never sought to alter those snow blowers already in the stream of commerce.
RULINGS OF LAW
Breach of the implied warranty of merchantability claims are properly brought against the product’s manufacturer. Jacobs v. Yamaha Motor Corp., U.S.A., 420 Mass. 323, 331 (1995). Breaches of warranty are unfair and deceptive acts or practices under G.L.c. 93A. Maillet v. ATF-Davidson, Co., 407 Mass. 185, 192-93 (1990). As the purchaser of a used product, Mr. Lewis lacked privily with Ariens. Nonetheless, the Legislature amended G.L.c. 106, §2-318[2] and eliminated previously existing privity requirements. Id. at 190-91. Thus, implied warranties apply to new and used goods. Fernandez v. Union Bookbinding Co., 400 Mass. 27, 34 (1987). TJie amendments shifted the focus in warranty actions from the sale transaction to the injurious incident. Hoffman v. Howmedica, Inc., 373 Mass. 32, 26 (1977). Thus, a breach of an implied warranty provides a cause of action in tort where the harm is a physical injury to person or properly rather than an “economic” loss of value in the product itself. Commonwealth v. Johnson Insulation, 425 Mass. 650, 653 (1997). Since a breach of warranty claim involving a personal injury requires an injury, the right of action cannot arise until the injury occurs. The injury occurred on January 26, 1988, many years after the applicable sections of 93A came into effect. Thus, there is no issue of retroactivity.[3] In the June 21, 1993 decision, I wrongly concluded that a breach of implied warranty of merchantability only arises at the time of sale. Therefore, that decision and its subsequent judgment are vacated.
I now turn to whether the defendant violated 93A under an implied warranty theory. Goods must be fit for their intended uses. Id. at 660 (citing G.L.c. 106, §2-314(2)(c)). A product may be unreasonably dangerous because of a defect in design or the absence of an adequate warning, sufficient to alert those who may be sensitive to the product and to allow users to balance the risk of harm against the product’s social utility. Id. at 661 (citations omitted). Massachusetts holds manufacturers liable under an implied warranty of merchantability for failure to warn or provide instructions about reasonably foreseeable risks. The manufacturer retains a continuing duty to warn of risks discovered following the product’s sale. Vassallo v. Baxter Healthcare Corporation, 428 Mass. 1, 23 (1998). The Supreme Judicial Court (“SJC”) adopted this standard to soften the harshness of the strict liability standard it previously used. Though the SJC first announced this standard in 1998, it applies in this case since vacating the original judgment places the case among those “where final judgment has not been entered.” Id. (citing McCarthy v. Litton Indus., Inc., 410 Mass. 15, 25-26 (1991); Payton v. Abbott Labs, 386 Mass. 540, 568-70 (1982)). Though a softer standard, the defendant does not escape liability on the facts before this court. Studies published around the time or shortly after the snow blower’s initial sale and many years before Mr. Lewis purchased the snow blower and suffered his injuries demonstrate both the dangers and safer designs available. Ariens did not warn its customers about the snow blower’s dangers prior or subsequent to the sale thereby violating its continuing duly to warn. Consequently, I find that the defendant violated G.L.c. 93A.
ORDER
For the foregoing reasons the following is hereby ORDERED:
(1) this court’s “Findings of Fact, Rulings of Law and Order for Judgment” issued on June 21, 1993, and its “Judgment re: Count IV; 93A” issued on June 30, 1993 are vacated;
(2) the court awards plaintiffs $205,000 for damages sustained pursuant to the 93A claim in Count IV of the amended complaint;
*113 (3) pursuant to G.L.c. 93A, §9(3) the court doubles the damages and awards plaintiffs $410,000; and,
(4) pursuant to G.L.c. 93A, §9(4) the court orders defendants to pay plaintiffs’ attorneys fees of $55,520.50 and court costs of $12,249.65.

 St. 1971, c. 670, §1 and St. 1973, c. 750, §§1, 2.

 Since no issue of retroactivity exists, there is no reason to address plaintiffs’ waiver argument.