Nickerson, Gary A., J.
The plaintiff insurance companies, subrogees of Cape Crossroads Condominium Trust and of owners of units in the Cape Crossroads Condominium complex in Hyannis (“the plaintiffs”), brought this action seeking damages for a fire which they allege was caused by a malfunctioning electrical device manufactured by defendant Broan NuTone, Inc. (“Broan-NuTone”). Broan-NuTone has moved for summaiyjudgment on Count II (strict liability), Count III (breach of warranty), and Count IV (breach of contract). For the following reasons, Broan-NuTone’s Motion for Summaiy Judgment is ALLOWED with respect to Count II and Count IV and DENIED with respect to Count III.
BACKGROUND
Cape Crossroads Condominium complex, located in Hyannis, Massachusetts, was damaged by fire on November 26, 2001. The plaintiff insurance companies were notified on November 26, 2001. The fire department determined that the blaze had most likely started at the bathroom heating light and fan unit. That fan unit was manufactured by Broan-NuTone and had been installed in the condo when it was first built around 1973. The remains of the malfunctioning *273 fan unit were removed from the fire scene by the fire department on the day of the fire. On November 29, 2001, the fire department issued a notice that all Broan-NuTone fan units be disconnected at the Cape Crossroads complex. The plaintiff insurance companies received written reports from the Hyannis Fire Department and the State Fire Marshall’s office within weeks of the fire. Although pictures were taken of the switch box and wires, the actual scene of the fire was not preserved. The Town of Hyannis ordered that the fire scene be demolished immediately for safely reasons. The demolition of the site was completed by December 18, 2001. The plaintiffs notified Broan-Nu-Tbne of the fire on December 21, 2001. Broan-NuTone had no opportunity, therefore, to inspect the fire scene.
DISCUSSION
The plaintiffs do not oppose Broan-NuTone’s motion for summary judgment on Count II (strict liability) or Count IV (breach of contract). Broan-NuTone’s motion also seeks summary judgment on Count III, breach of warranty, on the theory that the plaintiffs have failed to give timely notice of their breach of warranty claim.
“A failure to give timely notice of breach of warranty, if prejudicial to the defendant, constitutes a defense.” Hayes v. Ariens Co., 391 Mass. 407, 410 n.2 (1984). Such notice is required by G.L.c. 106, §2-318. However, a lack of prompt notice will only act as a defense if the defendant proves that he was prejudiced by the delay. The burden of proof is on the defendant to prove 1) that the delay was unreasonable and 2) that it was prejudiced by the delay. In Massachusetts, both issues are normally jury issues. Sacramona v. Bridgestone-Firestone, Inc., 106 F.3d 444, 449 (1st Cir. 1997).
It is well established in Massachusetts law that “(p)rejudice may result when evidence which may reasonably have been developed by prompt investigation has been lost.” Castro v. Stanley Works, 864 F.2d 961, 964 (1st Cir. 1989) (internal citation omitted). Occasionally, prejudice resulting from delay has been clear enough to permit summary judgment. In Sacramona v. Bridgestone-Firestone, Inc., the First Circuit applied Massachusetts law and noted that prejudice is a juiy issue “only where a reasonable juiy could decide the issue either way. Here, given the low threshold for the showing and the admitted loss of evidence, the outcome on this issue was inevitable.” Sacramona, 106 F.3d at 450. An unreasonable delay that results in the loss of evidence has been held to be prejudicial to a defendant. “[AJssuming an unreasonable delay in notice, the prejudice showing is relatively easy: it is enough that the delay may well have deprived the defense of useful evidence. No showing is required that the lost evidence would inevitably have altered the outcome.” Id. at 449.
The defendant Broan-NuTone argues that this case is similarly clear because the evidence has been destroyed. It seems clear that Broan-NuTone has been prejudiced by the destruction of the evidence and easily meets the second prong of the test. To meet this prong, “the defendant need not show that the evidence could have helped it; it suffices that ‘the delay may well have deprived the defense of useful evidence.’ ” Smith v. Robertshaw Controls Co., 410 F.3d 29, 37 (1st. Cir. 2005), quoting Sacramona, 106 F.3d at 449. It is not necessary to have “formal proof of prejudice,” Castro v. Stanley Works, 864 F.2d 961, 964 (1st Cir. 1989)), but rather it is sufficient to show that the delay prevented the defendant “from investigating fully the circumstances of the accident and ascertaining facts which later could not be determined.” (Id. at 964.)
No matter how clearly Broan-NuTone shows that it has been prejudiced by the destruction of the evidence, it must still meet the first prong of the test and show that the delay was unreasonable. Broan-Nulone fails to meet the first prong of the test. “If the notice was unreasonably late but there was no prejudice — or if the defendant was prejudiced, but the ■timing of the notice was reasonable under the circumstances — then the defense is ineffective and the plaintiffs claim survives.” Smith, 410 F.3d at 36. Whether the timing of the notice was reasonable is not so clear that this Court can grant summary judgment under the circumstances. “Whether notice is reasonably prompt ‘depends on the reasonableness of the buyer’s behavior in the circumstances.’ ” Smith, 410 F.3d at 35, quoting Delano Growers’ Coop. Winery v. Supreme Wine Co., 393 Mass. 666 (1985).
The circumstances in which courts have found a delay unreasonable at the summary judgment stage have all involved delays significantly longer than the one in this case. Twenty-five days passed between the fire and the defendant’s notification in this case. In Castro v. Stanley Works, twenty months passed between the accident and the notification. 864 F.2d at 962. In Smith v. Robertshaw Controls Co., the plaintiff did not notify the defendant until almost three years had passed. 410 F.3d at 36. A delay of three years was also involved in Sacramona v. Bridgestone-Firestone, Inc., 106 F.3d at 449. Not only have these cases allowing summary judgment on this issue involved substantially larger delays, but cases denying summary judgment on this issue have involved substantially larger delays. The Massachusetts Appeals Court preserved for a jury the question of whether a delay of years was reasonable in Hendrick v. Coats Co., Inc., 17 Mass.App.Ct. 976, 977 (1984). In Chapman v. Bernard’s, Inc., the Massachusetts Federal District Court determined that a two-and-a-half-year delay presents a jury issue on whether there was sufficient notice. 167 F.Sup.2d 406, 415 (Mass. 2001). Certainly then, a twenty-five-day delay is not so clearly unrea *274 sonable that this Court can declare it such at the summary judgment stage.
The defendant Broan-NuTone fails to meet its burden on the first prong of the test for the defense of lack of prompt notice, as set by G.L.c. 106, §2-318.
ORDER
For the foregoing reasons it is ORDERED that the Motion for Summary Judgment of defendant Broan-NuTone LLC is ALLOWED with respects to Counts II and IV and DENIED with respect to Count III.